FINANCE COMMISSION OF BOSTON *vs.* SHERIFF OF
SUFFOLK COUNTY & others.[1]

Suffolk.    April 8, 1965. — July 2, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
SPIEGEL, & REARDON, JJ.

*Boston Finance Commission.    Investigating Body.    Jail.*

An investigation voted by the Boston Finance Commission of "three breaks
in the Charles Street Jail, with a view to issuing a report governing
the causes of these breaks and proposing corrections in the Jail's opera-
tions, if such are . . . needed," was limited to matters of discipline and
was not within the scope of the commission's function under St. 1909,
c. 486, §§ 17–21.

BILL IN EQUITY filed in the Superior Court on Septem-
ber 23, 1964.

The suit was heard by *Cahill, J.*

*James W. Kelleher* (*Mitchell G. Hadge* with him) for the
respondents.

*Charles J. Elmore* for the petitioner.

WHITTEMORE, J.    This is a petition for an order under
St. 1908, c. 562, and St. 1909, c. 486, §§ 17–21.    The re-
spondents have appealed from a final decree[2] of the Supe-
rior Court ordering them to testify and produce certain
records before the Boston Finance Commission.    There is
a statement of agreed facts.    "[F]rom 1960 to the present
time Suffolk County including the Charles Street Jail de-

---

[1] Edward D. O'Connor, Francis A. Doyle, Richard C. Fannon and Francis
Moloney.   All are employees of Suffolk County and work at the Charles Street
jail.

[2] The decree provides, in part: "That the respondents be and they hereby
are ordered to appear before the Finance Commission of the City of Boston
. . . and give testimony pertaining to matters as are now being investigated
by the petitioners, which investigation relates to the financial and administra-
tive conduct of the Charles Street Jail; at such times and places the said
respondents are ordered to produce notes, memos, diaries and records and all
printed and written information in their possession or control dealing with
a break, escape or the leaving of prisoners in custody at the Charles Street
Jail during the period from June 20 to June 25, 1963."

rived the major part of its income and monetary support . . . from the City of Boston.'' The records of the Finance Commission of Boston (the commission) show that on September 15, 1964, the commission voted to ''conduct an investigation into the past three breaks in the Charles Street Jail, with a view to issuing a report governing the causes of these breaks and proposing corrections in the Jail's operations, if such are . . . needed. For these purposes, it was moved to hold public hearings, questioning all persons and examining all documents that may be pertinent to the inquiry.'' Special counsel was retained.

The respondents, having been served with subpoenas issued by the commission, challenged the authority of the commission to conduct the inquiry and refused to be sworn or to testify or to produce the papers or documents called for. Execution of the decree was stayed pending our determination of the appeal.

The commission's authority is derived from St. 1909, c. 486, §§ 17–21. The range of inquiry is broad. ''Section 18 amply empowers the commission (as a continuing independent body charged with watching city operations constantly and reporting what it observes to 'the mayor, the city council, the governor or the general court,' as may be appropriate) to investigate at least those matters which, in its opinion entertained reasonably, have substantial relevance to the proper management of the city's affairs and the appropriate conduct of city employees in relation to matters in which the city has an interest.'' *Finance Commn. of Boston* v. *McGrath,* 343 Mass. 754, 760.

As we construe the commission's vote, however, it has the narrow purpose of investigating three particular escapes from the jail and suggesting changes in operations to prevent recurrence. The vote is thus limited to matters of discipline, by themselves not within the scope of the commission's statutory function.

The decree is reversed. A decree is to enter in the Superior Court dismissing the petition.

*So ordered.*